EASTERN DIST.
*December*, 1840.

BOURGEAT
*vs.*
SMITH'S
SYNDICS.

## BOURGEAT *vs.* SMITH'S SYNDICS.

**APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.**

The demand of the notary and protest of the notes for non-payment, is a sufficient putting in default to pay the price, to authorize a rescission of the sale of property.

Where it is expressed in the act of sale that notes were " received in payment," this expression will be taken in reference to other parts of the act, where it is shown a mortgage was retained, &c. In such a case, it is not such a payment as will prevent a rescission of the sale in case of non-payment of the notes.

The filing of *notes* given for the price of property, *in a suit* for the rescission of a sale, is a sufficient return of them to authorize the rescission.

The article 2543 of the Louisiana Code, contemplates the allowance of damages for waste and deterioration of property only, and not for the depreciation in the nominal value, at the time of rescinding a sale.

This is an action for the rescission of a sale of a plantation in Point Coupée, made to William Smith, for the sum of eighteen thousand dollars, payable by installments, and for which notes drawn, by R. Pearse & Co., to the order of and endorsed by Smith, were given *in payment*, and so expressed in the act of sale; the usual mortgage was retained, and the notes marked and identified with the mortgage. The notes were all protested for non-payment at maturity. In the meantime Smith failed and made a surrender of this and

EASTERN DIST. his other property to his creditors. The plaintiff and vendor of
*December,* 1840. the plantation instituted the present suit against Smith's syn-
dics for the rescission of the sale; and annexed all the notes

BOURGEAT
*vs.*
SMITH'S
SYNDICS.

and protests to the petition. The syndics denied the right of
the plaintiff to obtain a rescission of the sale. They averred that
she had remained in possession ever since the sale, and was
responsible for the use and rents of the property which they
allege was worth five thousand dollars per annum, and for
which they pray judgment in reconvention. Upon these
pleadings and issues the cause was tried.

There was judgment for the plaintiff simply rescinding the
sale and returning her the property, from which the defend-
ants appealed.

*Mitchell,* for the plaintiff, prayed an amendment of the
judgment, allowing the plaintiff damages proportioned to the
depreciation of the property in value since 1837, the time of
sale, and the present time. 6 *Toullier, No.* 223 ; *Louisiana
Code, articles* 1924, 2543.

2. He insisted that whenever the purchaser fails to pay
the price, the vendor has a right to have the sale rescinded.
6 *Toullier, Numbers* 22 and 429 ; *Louisiana Code, article*
2041 ; 8 *Louisiana Reports,* 81.

*I. W. Smith,* for defendant.

1. There is neither allegation nor proof that the defend-
ants have been put in default. Until that is shown the con-
tract cannot be rescinded. *Louisiana Code,* 1906.

2. The price was paid by the mortgage notes. The act
describes them as given and received " in payment" of the
price. *Abat* vs. *Nolte,* 6 *Martin, N. S.,* 638; *Cox* vs. *Williams,*
7 *ib.* 304 ; *Barron* vs. *Howe* 2 *ib.* 148 ; *Louisiana Code,* 2625.
*Iberg* vs. *Chevalier, Dalloz, Recuil Périodique,* 1833, *part* 2,
*p.* 201 ; *Leblond* vs. *Bizet, Dalloz Recuil Alphabétique v.* 10,
*p.* 603, *n.* 7; 12 *Duranton, Cours de Droit Français, n.* 292.

3. The judgment is silent as to the notes which the vendor
received from the vendee. Indeed the petition contains no
offer to return them.

EASTERN DIST.
*December*, 1840.

BOURGEAT
*vs.*
SMITH'S
SYNDICS.

*Morphy, J.*, delivered the opinion of the court.

The defendants are appellants from a judgment rescinding the sale of a tract of land to the insolvent, William Smith, for non-payment of the price. In this court they have submitted their case on the following points, to wit:

1. That there is neither allegation nor proof that the defendants have been put in default, and until'that is shown the contract cannot be rescinded.

2. That the price has been paid by the notes given by the insolvent, the deed of sale describing them as given and received "*in payment*" of the price.

3. That the judgment is silent as to the notes received by plaintiff from her vendee, nor does the petition contain any offer to return them.

I. The record shows that sundry notes, drawn by the firm of Richard Pearse & Co., to the order of and endorsed by Smith, who was a member of the firm, were given in payment of the property, and that both the firm and Smith having failed before the maturity of these notes, they were all protested for non-payment. We consider the demand of the notary who made the protest, a sufficient putting in default to pay the price; it is one of the modes pointed out by *article* 1905, of the *Louisiana Code.*

II. Whatever effect might otherwise have been given to the expressions "*in payment*" of the price, to be found in the deed of sale to the insolvent, they must be controlled by other parts of the act, in connection with which they are to be taken and understood; the notes given by the vendee were identified with the act of sale by *ne varietur* by the notary, and a mortgage was retained on the property to secure their payment at maturity; such a stipulation is inconsistent with the idea that the notes were received by the vendor as an absolute payment.

III. As to the return of the notes received from the insolvent, they have all been filed with the deeds of protest in this suit as evidence of his failure to pay the price; this we consider a sufficient return and surrender of them by the plaintiff.

The demand of the notary and protest of the notes for non-payment, is a sufficient putting in default to pay the price, to authorize a rescission of the sale of property.

Where it is expressed in the act of sale that notes were "received in payment," this expression will be taken in reference to other parts of the act, where it is shown a mortgage was retained &c. In such a case, it is not such a payment as will prevent a rescission of the sale in case of non-payment of the notes.

The filing of notes given for the price of property, *in a suit* for the rescission of a sale, is a sufficient return of them to authorize the rescission.

We have been asked by the appellee to amend the judgment so as to allow her damages, and in support of this demand we have been referred to *article* 2543, of the *Louisiana Code*. This law is, we think, wholly inapplicable to the present case; it contemplates a real diminution of value in the thing sold in consequence of waste or deterioration, caused by the acts or neglect of the vendee during the time of his possession, while the plaintiff predicates her claim for five thousand dollars damages on the diminution of value of her land, owing to the general fall or depreciation of this kind of property. The price of eighteen thousand dollars, stipulated in the sale of this land, is represented by the witnesses as extravagant, so much so, that one-half of this sum could not at this day be obtained for it. They state at the same time, that in their opinion the intrinsic value of the property has remained unchanged. It appears moreover, that the plaintiff has never ceased to be in possession of her land; with these facts before us, we are unable to say that she has suffered any loss, except the handsome price she would have received, had her good fortune led her to a treat with a solvent purchaser; she cannot seriously expect us to compensate to her a loss of this kind, at the expense of the other creditors of Smith.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.